Argued at Pendleton May 4, affirmed June 23, 1925.

# C. H. PENLAND, TRUSTEE, v. GROVER DESPAIN ET AL.

(236 Pac. 1055.)

**Husband and Wife—Automobile Purchased by Wife With Her Own Funds is not Subject to Husband's Debts.**

Automobile, purchased by wife in her own name out of her separate funds is not subject to husband's debts.

See (1) 30 C. J. 820.

From Umatilla: GILBERT W. PHELPS, Judge.

In Banc.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Raley, Raley & Steiwer*, with an oral argument by *Mr. H. J. Warner*.

For respondents there was a brief over the name of *Messrs. Fee & Fee*, with an oral argument by *Mr. James A. Fee, Jr.*

BELT, J.—To set forth the pleadings and facts out of which this controversy arose would needlessly encumber the reports. Tersely stated, it is a suit in the nature of a creditor's bill to subject a certain Maxwell automobile to payment of defendant Grover Despain's indebtedness incurred while operating a grocery store at Pendleton, Oregon. Plaintiff asserts that the automobile was purchased in the name of Despain's wife for the purpose of cheating and defrauding various creditors. Despain and his wife claim that it was bought in good faith and from her separate funds, and not with the intention as

1. Liability of separate property of wife, see note in 5 **Am. Dec.** 589. See, also, 13 **R. C. L.** 1146.

115 Or.—12

alleged by plaintiff. It will thus be seen that the issue before us is purely a question of fact. We have carefully considered the well-prepared briefs of counsel and the transcript of evidence, and are convinced, as was the trial court, that the transaction in question is free from fraud. We think it is clearly established by the preponderance of the evidence that defendant Edna Despain purchased the automobile in good faith and not from funds belonging to her husband. It is therefore not subject to his debts. The decree of the Circuit Court dismissing this suit is affirmed, and defendants are awarded their costs and disbursements herein.    AFFIRMED.

BEAN and BROWN, JJ., took no part in the consideration of this case.